IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:12-CV-795-FL

| | |
|---|---|
| ANTHONY CORNELIUS REAVES, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> CHUCK HAGEL, ) </br> Secretary of Defense ) </br> JOHN M. MCHUGH, ) </br> Secretary of the Army, ) </br> and ARMY REVIEW BOARD AGENCY, ) </br> ) </br> Defendants. ) </br> _____ ) | **MEMORANDUM &** </br> **RECOMMENDATION** |

This cause comes before the Court upon the following motions:

(1) Defendants' Motion to Dismiss (DE-15);

(2) Defendants' Motion to Strike (DE-24); and

(3) Plaintiff's Motion for Leave to File a Sur-Reply (DE-28).

Opposing counsel has responded to each of these motions (DE's 16, 25, & 29). Accordingly, the motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.3, this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that:

(1) Plaintiff's Motion for Leave to File Sur-Reply (DE-28) be GRANTED;

(2) Defendant's Motion to Strike (DE-24) be DENIED; and

(3) In the interests of justice, this case be TRANSFERRED to the Court of Federal Claims ("Claims Court") pursuant to 28 U.S.C.§ 1631.[1]

---

[1] Plaintiff's Motion to Compel (DE-27) has also been referred to the undersigned for entry of an Order, and should

I.     BACKGROUND

Plaintiff Anthony Reaves filed suit in this Court on January 10, 2013, challenging his discharge from the United States Army ("Army") and contending that he is entitled to medical retirement due to a physical disability.[2] DE-4 & 4-1. Plaintiff enlisted in the Army on March 21, 1997, for a term of four years. DE-16-2 & 16-3. He was stationed at Fort Detrick, Maryland, and was assigned the occupational specialty of "medical specialist." *Id.* Prior to the end of his first enlistment, Plaintiff was involuntarily discharged on March 3, 2000, pursuant to Army Regulation 635-200, as having failed the Army's weight control program. DE-16-3. Plaintiff was awarded an Honorable characterization of service upon discharge, pursuant to Army Reg. 635-200, 18-2(e). *See id.* Although Plaintiff experienced some symptoms of sleep apnea while in military service, such as falling asleep while on duty and difficulty losing weight, he was not diagnosed with the disorder until 2002. DE-16-4; DE-4-1 at 3. As a result, in 2006, he sought disability rating from the Department of Veterans Affairs for his condition. *Id.* In 2008, Plaintiff was granted a 50% rating for his sleep apnea, which the VA determined to be service-connected. *Id.*

In 2010, Plaintiff applied to the Army Board for the Correction of Military Records (ABCMR), asking that his discharge be changed from an involuntary separation to medical

---

be transferred as well. Having determined that subject matter jurisdiction of this matter lies solely within the Claims Court, *see infra*, this Court is without jurisdiction to rule on Plaintiff's motion to compel. *See Alexandria Resident Council, Inc. v. Alexandria Redevelopment & Housing Authority*, 218 F.3d 307, 308 (4th Cir. 2000) (vacating orders that district court issued pursuant to motions it was without jurisdiction to consider); *Cameron v. Sudduth* 458 F. App'x 236, 236-37 (4th Cir. 2011) (once district court determined that subject matter jurisdiction over the action was lacking, it was without jurisdiction to consider defendant's motion to reconsider). Defendants' Motion to Strike and Plaintiff's Motion for Leave to File, however, are bound up with consideration of Defendants' Motion to Dismiss on jurisdictional grounds, and their disposition is therefore recommended.

[2]   Defendants move to dismiss pursuant to FED. R. CIV. P. 12(b)(1), challenging this court's jurisdiction. Accordingly, this Court may consider evidence outside the pleadings without converting Defendants' motion into one for summary judgment. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Plaintiff has also attached certain documents to his pleading and thereby "explicitly relied" on them, such that they could be considered even on a Rule 12(b)(6) motion. *Phillips v. LCI Intern., Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *see* DE-4-1. This summary of the facts therefore incorporates such documents for the limited purpose of resolving the jurisdictional dispute.

retirement. DE-16-5.³ In his application, Plaintiff stated that although he was separated for weight control failure, his subsequent diagnosis confirmed that he had sleep apnea while on active duty. DE-16-6. Accordingly, he argued that he was not adequately evaluated prior to separation, and requested medical retirement. *Id.* The ABCMR denied Plaintiff's request on June 30, 2011, finding that Plaintiff had not established that his condition existed at the time of his discharge. DE-4-1 at 1. Plaintiff sought reconsideration, which the ABCMR denied on October 9, 2012, citing Plaintiff's failure to provide new evidence. DE-16-7. Although Plaintiff requested reconsideration a second time, on November 9, 2012, the ABCMR returned Plaintiff's request without action because Plaintiff was not entitled to further reconsideration after the initial denial. DE-4-1 at 17.⁴ This lawsuit ensued.

Plaintiff's alleges that the Army Review Boards Agency, through the Army Board for the Correction of Military Records, wrongfully failed to correct his record.⁵ DE-4 at 2. Plaintiff further alleges that his original discharge, pursuant to Army Regulation 635-200, ch. 18 ("Weight Control Failure"), was wrongful, constituted breach of contract, and violated 10 U.S.C. § 1169 and applicable army regulations.⁶ DE-4 at 2. He seeks $2 million in compensatory damages, $18 million in punitive damages, and medical (i.e., disability) retirement backdated to

---

³ Plaintiff had originally applied to the Board on August 4, 2008, but was told his application could not be considered until he obtained his medical records and other documents. He was unable to obtain his discharge packet despite requests to the relevant agencies, and filed his renewed request in 2010, asking that the Board consider his application without the packet. *Id*.

⁴ In this letter, the ABCMR informed Plaintiff that he "ha[d] the option to seek relief in a court of appropriate jurisdiction." DE-4-1 at 17.

⁵ Plaintiff alleges that this failure violates 10 U.S.C.§§ 1552-1553. Section 1552 provides that the Secretary of a military department "may correct" any military record of the Secretary's department, and "shall" do so under procedures established by the Secretary. Section 1553 provides that a board established by the Secretary to review discharges "may" change a discharge or dismissal, or issue a new discharge.

⁶ "No regular enlisted member of an armed force may be discharged before his term of service expires, except— (1) as prescribed by the Secretary concerned; (2) by sentence of a general or special court martial; or (3) as otherwise provided by law." 10 U.S.C. § 1169. Army Regulation 635-200, ch. 18, at 108-09, prescribes procedures for separation proceedings in the case of failure to meet body fat standards.

March 4, 2000. *Id.* Defendants filed a motion to dismiss, arguing that (1) this court lacks subject matter jurisdiction, and (2) because Plaintiff's suit is untimely, transfer of this case to the Claims Court would be futile. DE-16.

## II.    ANCILLARY MOTIONS

Before Defendants' motion to dismiss can be addressed, there is the threshold issue of whether Plaintiff's additional filing (DE-23) in opposition to Defendants' motion should be considered in this Court's determination of the motion to dismiss. Plaintiff filed a "Reply to Support Denial of Motion to Dismiss" in response to Defendants' reply brief. DE-23. In response, Defendants moved to strike the document, and Plaintiff subsequently moved for leave to file it. DEs-24, 28.

The Local Civil Rules for the Eastern District of North Carolina only allow for the filing of a motion, a response to a motion, and a reply. *See* Local Civil Rule 7.1; *Freeman v. City of Fayetteville*, 971 F. Supp. 971, 973 n.1 (E.D.N.C. 1997) ("The Local Rules of this court do not allow for the submission of sur-replies."). Even replies are discouraged pursuant to Local Rule 7.1(f)(1). As such, courts generally allow a party to file a sur-reply "only when fairness dictates based on new arguments raised in the previous reply." *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010) (applying similar local policy).

Although Defendants challenge the sur-reply as an impermissible attempt to broaden Plaintiff's Complaint, *see* DE-25, the undersigned does not view it as such an attempt.[7] As discussed below, Plaintiff has not alleged an actionable FTCA claim in his Complaint, and any question regarding whether such a claim has complied with administrative exhaustion

---

[7]   Defendants argue that the issue presented before the ABCMR that was decided October 9, 2012 was not initially before the Court. But Plaintiff attached to his Complaint the ABCMR's October 9, 2012 letter responding to his request for reconsideration. DE-4-1 at 10; *see also id.* at 17. Plaintiff's Complaint contends, in essence, that he was wrongfully discharged, is entitled to disability benefits, and that the rejection of his repeated administrative attempts to obtain the relief he seeks violates applicable statutes and regulations. The documents attached by Plaintiff to his sur-reply and his Complaint are all is part and parcel of the same essential grievance.

requirements is moot. In the interests of fairness and Plaintiff's pro se status, the undersigned has reviewed and considered the sur-reply, but notes that nothing therein affects the ultimate analysis, discussed below.

The undersigned therefore RECOMMENDS that this Court GRANT Plaintiff's Motion for Leave to File (DE-28), and DENY Defendants' Motion to Strike (DE-24). Plaintiff is cautioned, however, that despite his *pro se* status, he is expected to comply with the Federal Rules of Civil Procedure and Local Rules of the court hearing his claim. *See El Rey v. Celebration Station*, No. 3:02-cv-461, 2006 WL 2811497, at *2 (W.D.N.C. Sept. 28, 2006) ("While pro se litigants are afforded some latitude when it comes to technical procedural requirements, the Court expects them to follow the same rules of evidence and procedure as is required by those who are authorized to practice law.").

### III. MOTION TO DISMISS
#### A. Fed. R. Civ. P. 12(b)(1) Standard.

Rule 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). A defendant may challenge subject matter jurisdiction on the basis that the plaintiff has failed to allege jurisdictional facts, or may contest the jurisdictional facts as alleged. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges the jurisdictional facts, "the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). If the court does so, "[i]n determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond,*

*Fredericksburg & Potomac R.R Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The movant's motion to dismiss should be granted only if the material jurisdictional facts are not in dispute and the movant is entitled to prevail as a matter of law. *Id.*

Here, Defendants argue that Plaintiff has failed to allege facts that support jurisdiction, and in the alternative, that the facts alleged do not support jurisdiction in this Court. DE-16 at 8, 9. In addition, Defendants argue that evidence they have provided supports that transfer to the Claims Court would be futile, because Plaintiff's claims are untimely. *Id.* at 14-19.

### B. *Pro Se* Litigant Standard.

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Although there are limits to which the court may legitimately go in construing such complaints, "[w]here the context, as here, makes clear a litigant's essential grievance, the complainant's additional invocation of general legal principles need not detour the court from resolving that which the litigant himself has shown to be his real concern." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). And although a Plaintiff must affirmatively plead the jurisdiction of the federal court, Fed. R. Civ. P. 8(f) requires that pleadings "be so construed as to do substantial justice." Accordingly, so long as the allegations in Plaintiff's complaint are sufficient to support jurisdiction, this court may sustain federal jurisdiction even if Plaintiff does not expressly invoke the correct statute. *Randall v. United States*, 95 F.3d 339, 345-46 (4th Cir. 1996).

### C. The Court of Claims Has Exclusive Jurisdiction Over Plaintiff's Claims.

Consistent with the more liberal pleading standard generally applicable to pro se litigants, *Haines*, 404 U.S. at 520-21, the Court construes Plaintiff's Complaint as making the following jurisdictional arguments. *Cf. Lanier-Finn v. Dep't of Army*, --- F .Supp. 2d ----, 2013 WL 4535847, at *3 (D. Md. 2013) ("Plaintiff's Complaint does not expressly articulate a basis for

finding that Defendant waived its sovereign immunity. However, the Court will construe the Complaint liberally.").

First, to the extent that Plaintiff seeks back pay, medical disability retirement, and correction of his military records, the Court will presume that Plaintiff is alleging a claim pursuant to the Tucker Act, 28 U.S.C. § 1346, 1491, which provides the exclusive basis of jurisdiction over non-tort monetary claims against the United States. *See Mitchell v. United States*, 930 F.2d 893, 895 (Fed. Cir. 1991). Second, to the extent Plaintiff requests judicial review of the ABCMR's decision and its purported violation of 10 U.S.C. §1552-1553, the Court construes his Complaint as alleging jurisdiction under 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*. Though Plaintiff invokes the Federal Tort Claims Act in his response to Defendants' motion to dismiss, (DE-21), his claims derive from federal statutory entitlement and thus cannot be founded on the FTCA.[8] *See Schism v. United States*, 316 F.3d 1259, 1268 (Fed. Cir. 2002) (claims for military pay and benefits arise from statute); 28 U.S.C. § 1346(b) (granting jurisdiction over tort claims where "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). Accordingly, Plaintiff's Complaint is construed be limited to claims and jurisdiction under the Tucker Act and the APA.

### 1. Sovereign Immunity.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Randall*, 95 F.3d at 345. This principle—known as sovereign immunity—is implicated not only when the United States itself is sued but also when individual federal

---

[8] At any rate, Plaintiff cannot amend his complaint through argument in his legal memoranda. *Berlyn, Inc. v. Gazette Newspapers, Inc.*, 223 F. Supp. 2d 718, 732 (D. Md. 2002).

agencies are sued. *Judkins v. Veterans Administration*, 415 F. Supp. 2d 613, 616 (E.D.N.C. 2005). Accordingly, only claims as to which the United States has waived sovereign immunity may proceed against an agency such as the Defense Department or the Army. "A waiver of the traditional sovereign immunity cannot be implied but must be unequivocally expressed," *United States v. Testan*, 424 U.S. 392, 399 (1976), and any waiver must be strictly construed. *See, e. g., Schillinger v. United States*, 155 U.S. 163, 167-169 (1894).[9] Finally, although 28 U.S.C. § 1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," this grant of jurisdiction does not abrogate the principle of sovereign immunity. *Coggeshall Dev. Corp. v. Diamond*, 884 F.2d 1, 4 (1st Cir. 1989) ("[S]ection 1331 "is not a general waiver of sovereign immunity. It merely establishes a subject matter that is within the competence of federal courts to entertain.").

Because the Tucker Act gives the Claims Court jurisdiction over certain types of federal claims against the United States, it "constitutes a waiver of sovereign immunity with respect to those claims." *Mitchell*, 463 U.S. at 212.[10] The APA, on the other hand, sets forward a limited waiver of sovereign immunity as to claims "seeking relief other than money damages." 5 U.S.C. § 702. The gravamen of Plaintiff's Complaint is that his unlawful discharge and errors in his military record have wrongfully prevented him from obtaining disability retirement and other benefits. As such, his claim is properly construed as monetary in nature and outside of § 702's limited waiver of sovereign immunity. *See Huff v. United States Dep't of the Army*, 508 F. Supp. 2d 459, 464 (D. Md. 2007).

---

[9] Accordingly, to the extent that Plaintiff argues that the ABCMR's letter stating "you have the option to seek relief in a court of appropriate jurisdiction" constitutes waiver, DE-21 at 2, this would not suffice to waive sovereign immunity or divest the Claims Court of jurisdiction.

[10] The Tucker Act grants the Claims Court jurisdiction only over suits against the United States, and "not against federal officials." *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1992). Plaintiff's suit is therefore construed as seeking damages from the United States rather than from particular individuals.

Moreover, to the extent that Plaintiff does seek equitable relief, *see* DE-21 at 2, review under the APA is available only for final agency action for which there is no other adequate remedy in a court. 5 U.S.C. § 704. This limitation has been interpreted to preclude review under the APA where a plaintiff has an adequate remedy by suit under the Tucker Act. *Randall*, 95 F.3d at 346; *Mitchell*, 930 F.2d at 896 ("The Claims Court has, in fact, ordered back pay, restoration to military office, placement in correct retirement status, and correction of military records."). As discussed below, Plaintiff has an adequate remedy in the Claims Court based upon his Tucker Act claim.

**2. Tucker Act.**

As discussed above, the Tucker Act waives sovereign immunity as to actions "founded either upon the Constitution or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. The Federal Circuit has held that veteran or service member claims for back pay and/or disability benefits are within the Tucker Act's ambit. *See, e.g.*, *Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005); *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). Where the amount in controversy in such an action does not exceed $10,000, the district courts share original jurisdiction with the Claims Court. 28 U.S.C. § 1346(a)(2). But when a claim exceeds this threshold, the Claims Court has exclusive jurisdiction. *See Randall*, 95 F.3d at 347; 28 USC § 1491. The damages claimed in Plaintiff's complaint are far in excess of the $10,000 threshold, and neither he nor Defendants contest that the compensatory damages for either wrongful discharge or backdated medical retirement benefits would exceed $10,000.[11] As such, because

---

[11] *See* Military Pay Tables, Defense Finance and Accounting Service, *available at* http://www.dfas.mil/militarymembers/payentitlements/militarypaytables.html; 10 U.S.C. § 1401 (calculation of

exclusive subject matter jurisdiction over Plaintiff's claims is vested in the Claims Court, this Court lacks subject matter jurisdiction to adjudicate this cause.

### D. **Plaintiff's Case Should Be Transferred to the Claims Court.**

If a district court finds that it is without jurisdiction over a case before it, "the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; *see also Dragenice v. Ridge*, 389 F.3d 92, 97 (4th Cir. 2004). "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) (citing *Zinger Construction Co. v. United States*, 753 F.2d 1053, 1055 (Fed. Cir. 1985)).[12] A plaintiff's erroneous filing in the wrong court is "just the type of good faith mistake that Congress intended 28 U.S.C. § 1631 to remedy." *McCook Metals LLC v. Alcoa, Inc.*, 249 F.3d 330, 334 (4th Cir. 2001) (citing *Kopp v. Dir., Office of Worker's Comp. Programs*, 877 F.2d 307, 309 (4th Cir. 1989)).

A district court may decline to transfer a case, however, where a claim is "plainly barred" and the court "has no doubt that the Court of Claims would summarily grant the government's motions to dismiss." *United States v. Welborn*, 495 F. Supp. 833, 837 (M.D.N.C. 1980); *see also Martin v. Sallie Mae, Inc.*, No. 5:07–cv–00123, 2007 WL 4305607, at *4 (S.D. W.Va. 2007) (commenting that courts should not transfer where doing so would be "futile"). As discussed in more detail below, the undersigned concludes that Plaintiff's claim could originally have been brought in the Court of Claims, and that Plaintiff's claim is not "plainly barred" such that

---

disability retirement payments capped at 75% retired pay base).

[12] *See also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.").

transferring the case would be futile. Accordingly, considering Plaintiff's *pro se* status, transfer to the Claims Court would therefore be in the interests of justice. *See Santiago v. United States Army*, No. 04-cv-4882, 2005 WL 1250281, at *4 (E.D.N.Y. May 26, 2005) (stating that the court saw "no reason" to burden a *pro se* plaintiff with filing another case and providing the same documentation again to the Claims Court).

> 1. **Although the Six-Year Statute of Limitations Applicable to the Tucker Act Cannot Be Tolled, Determination of the Accrual Date of Plaintiff's Claim Requires Factual Resolution Beyond This Court's Jurisdiction.**

A six-year statute of limitations applies to "[e]very claim of which the United States Court of Federal Claims has jurisdiction." 28 U.S.C. § 2501. This, as discussed above, includes the Tucker Act. *See, e.g.*, *Young v. United States*, 529 F.3d 1380, 1383 (Fed. Cir. 2008). The limitations period set forward in 28 U.S.C. § 2501 is "jurisdictional" in nature, meaning that it is absolute and cannot be altered by waiver or equitable tolling. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-38 (2008);[13] *Young v. United States*, 529 at 1384. Accordingly, Plaintiff has—or had—precisely six years from the date his claim accrued to bring suit. This begs the question, however, of when Plaintiff's claim accrued. The answer to this question depends on the nature of Plaintiff's claim.

Defendants are correct that if Plaintiff's claim sounded only in wrongful discharge, his claim would have accrued as of the date he was honorably discharged, and his Complaint—some thirteen years later—would be untimely. *See Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2002) (holding that correction board review of wrongful discharge claims does not toll

---

[13] The Supreme Court's holding in *John R. Sand* was not abrogated by its subsequent decision in *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197 (2011), which found that a 120-day deadline for filing a notice of appeal within the Veterans' court was a procedural claim-processing rule rather than jurisdictional. *See, e.g.*, *Palacios v. United States*, 100 Fed. Cl. 656, 659 (Fed. Cl. 2011).

accrual date of statute of limitations). But that is not the case here. Although Plaintiff seeks back pay, his Complaint also alleges entitlement to medical disability retirement benefits. *See* DE-4.

"Unlike claims for unlawful discharge . . . claims of entitlement to disability retirement pay generally do not accrue until the appropriate military board either finally denies a claim or refuses to hear it." *Chambers*, 417 F.3d 1218, 1224 (Fed. Cir. 2005). Where the claimant has not had his case reviewed by the retiring board at the time of his discharge, "his claim does not accrue until final action by the Correction Board [the ABCMR]." *Id.* (citing *Friedman v. United States*, 310 F.2d 381, 396 (Fed. Cir. 1962). "Thus where the service member was released from service without a board hearing and subsequently files a claim for disability retirement before a military correction board, the Correction Board becomes the first proper board to act . . . on the matter, and the claim does not ripen until that Board's action is final." *Id.* (internal quotations omitted); *accord Real v. United* States, 906 F.2d 1557, 1560 (Fed. Cir. 1990) ("[I]f the service member ha[s] neither requested nor been offered consideration by a retiring board prior to discharge**,** the later denial of his petition by the corrections board [i]s the triggering event, not his discharge."). Here, Plaintiff was discharged without a board hearing—that fact is central to his grievance—and the ABCMR did not reject his claim until June 30, 2011, bringing his Complaint well within the six-year limitations period.

Defendants cite an exception to this general rule of disability retirement claim accrual, arguing that because Plaintiff was on actual or constructive notice of his disability prior to his discharge, his failure to request a board hearing at that time triggered the statute of limitations. *See Real*, 906 F.2d at 1560-62 (a claimant's failure to request a board hearing as of discharge may constitute waiver of that right if, at that time, he had knowledge that he had a claim to disability benefits at that time). However, "[a] finding that the plaintiff knew of the existence of

some mental or physical problem is simply not sufficient in every case to support the conclusion that the limitations period began to run upon discharge." *Id.* at 1562. A plaintiff's knowledge of his condition instead "is measured with regard to" the statute establishing entitlement to disability benefits. *Id.* at 1562-63 ("[T]he ultimate question to be answered is: When did the plaintiff have a claim to disability benefits which could be established in a court?").

Disability retirement benefits are governed by 10 U.S.C. § 1201. The statute provides that a service member may be retired with pay because of physical disability where the Secretary[14] has determined that the disability is not only service-connected but is also "of a permanent nature and stable," not the result of intentional misconduct or willful neglect, and, if the service member does not have at least 20 years of service, the disability "is at least 30 percent under the standard schedule of rating disabilities in use by the Department of Veterans Affairs." *Id.* § 1201; *see also Real,* 906 F.2d at 1563 (discussing version of statute in effect at that time).

Given this framework, an individual's knowledge that he has some sort of medical problem does not suffice to put him on actual or constructive notice that he was entitled to disability benefits. *See Real v. United States*, 906 F.2d at 1563 ("There is no indication in the record before this court that Real could (let alone should) have known that he was suffering from a permanently disabling disorder in 1974."); *Chambers*, 417 F.3d at 1226-27 (finding that medical diagnoses received prior to discharge "all indicated that [plaintiff's] condition was minor, temporary, and circumstantial" and nothing in record indicated that had any reason to believe he knew he was entitled to disability);[15] *Gilbreth v. United States*, 94 Fed. Cl. 88, 94-95

---

[14] Of the particular branch of the armed forces in which the individual served. *See* 10 U.S.C. § 101(a)(9).
[15] *Chambers* ostensibly presents a close analogy to this case. There, the plaintiff had been discharged in 1970, was diagnosed with post-traumatic stress disorder in 1987, received a 100% disability rating in 1990, and applied to the ABCMR for disability retirement pay in 1999. 417 F.3d at 1221. Plaintiff argued before the ABCMR that his 1970 discharge was improper and failed to follow regulations requiring counseling of the right to have a medical evaluation board review his fitness for duty. *Id.* at 1222. ABCMR denied his application, and Plaintiff challenged that decision in federal court. *Id.*

(Fed. Cl. 2010) ("The statements do not show that Mr. Gilbreth knew he had a permanently disabling condition. Mr. Gilbreth expressed concern about symptoms, nothing more.").

Here, Defendants have provided some evidentiary materials to support their argument that Plaintiff was on actual or constructive notice that he was entitled to disability benefits for his sleep apnea at the time of his discharge. *See* DE-16 & exs. The undersigned has reviewed these materials[16] and finds that resolution of this question would require the fact-intensive determination of the state of Plaintiff's knowledge at the time of his discharge. Simply put, Plaintiff's claim for disability retirement benefits is not "plainly barred" such that transfer is improper, *Welborn*, 495 F. Supp. at 837, and this Court is without jurisdiction to consider the matter further. *See Bell v. Hood*, 327 U.S. 678, 683-84 (1946) ("Respondents' contention does not show that petitioners' cause is insubstantial or frivolous, and the complaint does in fact raise serious questions, both of law and fact, which the district court can decide only after it has assumed jurisdiction over the controversy."); *Bell v. US Army*, No. 3:07-cv-3523, 2008 WL 4680568, at *4 (D.S.C. Oct. 21, 2008) (transferring to Claims Court rather than resolving statute of limitations defense).

Thus, the undersigned is not resolving any jurisdictional challenge the Government might raise in the Court of Claims. *See McCook Metals LLC*, 249 F.3d at 336 ("[W]e will not determine the scope of the Federal Circuit's jurisdiction for it. Rather, as a matter of comity, we [transfer] this proceeding to the Federal Circuit to permit that court to make its own determination on the issue."); *Stockton East Water Dist. v. United States*, 62 Fed. Cl. 379, 389 (Fed. Cl. 2004) (commenting that District Court's transfer and determination that case could have been brought in Claims Court "does not relieve or otherwise exempt a plaintiff from

---

[16] The Court has the authority to review materials outside the pleadings in assessing challenges to jurisdictional facts pursuant to Rule 12(b)(1), and failure to satisfy the Tucker Act's statute of limitations would deprive the federal courts of jurisdiction. *See John R. Sand*, 552 U.S. 130; *Kerns*, 585 F.3d at 193.

meeting its burden to establish jurisdiction before the transferee court") (citing *Awad v. United States*, 301 F.3d 1367, 1375 (Fed. Cir. 2002). Rather, the undersigned finds that this is *not* a case where Plaintiff's claim is plainly futile and transfer would be a waste of resources. This case lies within the sole jurisdiction of the Claims Court and this Court is without jurisdiction to consider the matter further. *See Adkins v. United States*, 923 F. Supp. 2d 853, 856 (S.D. W.Va. 2013).

### IV. CONCLUSION

For the foregoing reasons, it is HEREBY RECOMMENDED that:

(1) Insofar as Plaintiff's Motion for Leave to File Sur-Reply is pendent to the briefing on the motion to dismiss for lack of subject matter jurisdiction, Plaintiff's Motion (DE-28) be GRANTED for the purpose of this Court's review of the Motion to Dismiss;

(2) For the same reasons, that Defendant's Motion to Strike (DE-24) be DENIED;

(3) This Court find that because exclusive subject matter jurisdiction over Plaintiff's claims is vested in the Claims Court pursuant to 28 U.S.C. §§ 1346(a) and 1491, it lacks subject matter jurisdiction to adjudicate this cause;

(4) This Court find that, pursuant to 28 U.S.C. § 1631, it is in the interest of justice that this cause be transferred to the United States Court of Federal Claims, and not dismissed; and

(5) This case accordingly be TRANSFERRED to the Claims Court for ultimate resolution.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on September 12, 2013.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE