IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-795-FL

| | |
|---|---|
| ANTHONY CORNELIUS REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CHUCK HAGEL, SECRETARY OF ) | |
| DEFENSE, JOHN M. MCHUGH, ) | |
| SECRETARY OF THE ARMY, and ) | |
| ARMY REVIEW BOARDS AGENCY,[1] ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion to dismiss (DE 15) and motion to strike (DE 24), and plaintiff's motion to compel (DE 27), motion for leave to file sur-reply (DE 28), and motion for summary judgment (DE 31). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein it is recommended that plaintiff's motion for leave to file sur-reply be granted, defendants' motion to strike be denied, and the case be transferred to the Court of Federal Claims ("Claims Court") pursuant to 28 U.S.C. § 1631 (DE 35). The magistrate judge deferred ruling also on the motion to compel, having determined that subject matter jurisdiction lies solely within the Claims Court. Plaintiff timely filed objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendations in the M&R, and transfers this matter to the Claims Court.

---

[1] The court constructively amends the case caption to reflect the correct spelling of this defendant, also as noted in the motion to dismiss, so as to make singular the word "Review," and plural the word "Boards."

## BACKGROUND

The court incorporates by reference the factual background in the M&R and briefly summarizes those facts as follows. On March 3, 2000, before the end of his term of enlistment, plaintiff was involuntarily discharged from the United States Army ("Army") pursuant to Army Regulation 635-200, Chapter 18 for failing to meet the Army's weight control standards. (DE 16-3). In 2002, plaintiff was diagnosed with sleep apnea, and in 2008 the VA awarded him 50% disability rating. (DE 16-4). In 2010, plaintiff requested the Army Board for Correction of Military Records ("ABCMR") change his discharge from involuntary separation to medical retirement. (DE 16-5). The ABCMR denied the request and denied request for reconsideration. (DE 16-6; 16-7).

Thereafter, plaintiff brought suit alleging the Army Review Boards Agency, through the ABCMR, wrongfully failed to correct his record in violation of 10 U.S.C. §§ 1552-1553. (DE 4-2). He further alleges that his original discharge was wrongful, constituted breach of contract, and violated 10 U.S.C. § 1169 and applicable Army regulations. (Id.). Plaintiff seeks $2 million in compensatory damages, $18 million in punitive damages, and medical retirement backdated to March 4, 2000. (Id.). As an initial matter, defendants contest subject matter jurisdiction. (DE 15).

## DISCUSSION

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life

3

& Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 12(b)(1) authorizes motions that challenge the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A defendant may challenge subject matter jurisdiction on the basis that the plaintiff has failed to allege jurisdictional facts, or may contest the jurisdictional facts as alleged. Adams, 697 F.2d at 1219.

When a defendant challenges the jurisdictional facts, "the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009). If the court does so, "[i]n determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted). The moving party's motion to dismiss should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted).

B. Analysis

1. Plaintiff's Motion for Leave to File Sur-Reply and Defendants' Motion to Strike

The court first considers plaintiff's motion for leave to file sur-reply to defendants' motion to dismiss and defendants' motion to strike the same. Considering plaintiff's *pro se* status, the court finds it in the interest of justice to grant motion for leave and deny defendants' motion to strike.

3

2.    Jurisdiction Issue

As a *pro se* litigant, plaintiff may have his pleadings construed more liberally than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In this instance, the court construes plaintiff's complaint as stating claims (1) pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq, and (2) pursuant to the Tucker Act, 28 U.S.C. §§ 1346, 1491.

Judicial review under the APA is precluded "when a plaintiff has an adequate remedy by suit under the Tucker Act." Randall v. United States, 95 F.3d 339, 346 (4th Cir. 1996). The Tucker Act waives the sovereign immunity of the United States over claims such as those in the instant case for back pay and disability benefits. See 28 U.S.C. § 1491; see also Chambers v. United States, 417 F.3d 1218, 1222-23 (Fed. Cir. 2005) (finding claim for backdated disability retirement was filed under the Tucker Act). Therefore, the court can determine only whether it has jurisdiction over plaintiff's Tucker Act claim. As noted in the M&R, exclusive jurisdiction over plaintiff's Tucker Act claim is vested in the Claims Court because the amount in controversy exceeds $10,000. 28 U.S.C. § 1346(a)(2); Randall, 95 F.3d at 347. Therefore, this court lacks subject matter jurisdiction to adjudicate this case.

If a district court finds that it is without jurisdiction over a case before it, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." Galloway Farms, Inc. v. United States, 834 F.2d 998, 1000 (Fed. Cir. 1987) (quotation omitted). A plaintiff's erroneous filing in the wrong court is "just the type of good faith mistake that Congress intended 28 U.S.C. § 1631 to remedy." McCook Metals LLC v. Alcoa, Inc.,

4

249 F.3d 330, 334 (4th Cir. 2001) (quotation omitted).

Instead of transferring a case, a district court may dismiss a case where a claim is "plainly barred" and the court "has no doubt that the Court of Claims would summarily grant the government's motion to dismiss." United States v. Wellborn, 495 F. Supp. 833, 837 (M.D.N.C. 1980). The M&R provides a thorough discussion of the reasons why plaintiff's claim is not "plainly barred," Wellborn, 495 F. Supp. at 837, and why transfer of the case would be in the interest of justice. (See M&R 10-12). Accordingly, the court transfers this case instead of dismissing it, and all remaining motions, including the motion to dismiss, are transferred where this court lacks subject matter jurisdiction to rule on them. See, e.g., Crooks v. McKellar, No. 89-7637, 1989 WL 100809, at *1 (4th Cir. Aug. 21, 1989) (per curiam) (transferring appeal and pending motions in the interest of justice pursuant to 28 U.S.C. § 1631).

In his objection, plaintiff argues that his claim should not be transferred to Claims Court because the claim is barred by the six-year statute of limitations for filing claims in the Claims Court. However, for reasons noted in the M&R, deciding whether plaintiff's claim is time-barred by the statute of limitations would require factual resolution beyond this court's subject matter jurisdiction. Moreover, even if plaintiff's claim clearly were time-barred, this court would not have subject matter jurisdiction to adjudicate plaintiff's claim. Accordingly, the court adopts the recommendation in the M&R and transfers the case to Claims Court.

**CONCLUSION**

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full. Plaintiff's motion for leave to file sur-reply is GRANTED (DE 28),

defendants' motion to strike is DENIED (DE 24), and in the interest of justice, this case, in which there are several remaining motions of record (DE 15, 27, and 31) ripe for decision, is TRANSFERRED to the Court of Federal Claims pursuant to 28 U.S.C. § 1631. The clerk shall oversee that transfer and then close this case.

    SO ORDERED, this the 16th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge